

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2004

# Cottrill v. Spears

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2717

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Cottrill v. Spears" (2004). *2004 Decisions*. Paper 1054.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1054

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2717

MICHAEL COTTRILL;
LAWRENCE E. WNUKOWSKI,

Appellants

v.

BRITNEY SPEARS;
ZOMBA RECORDING CORPORATION,
ZOMBA ENTERPRISES, INC.,
ZOMBA SONGS, INC.;
JIVE RECORDS;
WRIGHT ENTERTAINMENT GROUP;
BMG MUSIC PUBLISHING, INC.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 02-cv-03646)
District Judge: Honorable Berle M. Schiller

Argued: January 12, 2004

Before: BARRY, SMITH,
and GREENBERG *Circuit Judges*,

(Filed: January 30, 2004)

George Bochetto, Esq. [Argued]
Gavin P. Lentz, Esq.
David P. Heim, Esq.
Vincent van Laar, Esq.
Bochetto & Lentz
1524 Locust Street
Philadelphia, Pennsylvania 19102

*Attorneys for Appellants*

Michael T. Mervis, Esq. [Argued]
Proskauer Rose
1585 Broadway
New York, New York 10036

Vincent V. Carissimi, Esq.
Pepper Hamilton
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, Pennsylvania 19103

*Attorneys for Appellees*

---

OPINION OF THE COURT

---

SMITH, *Circuit Judge*.

Michael Cottrill and Lawrence N. Wnukoski bring this copyright infringement suit, claiming that defendants infringed upon their song "What You See is What You Get" ("*What You See*"). The District Court granted summary judgment for the defendants. Plaintiffs appeal from that decision.

I.

Sometime in early 1995, plaintiffs Michael Cottrill and Lawrence Wnukowski met

with performer Britney Spears and her then-agent William Kahn. Kahn urged Cottrill and Wnukowski to write songs for Spears. After a subsequent lapse in his relationship with Spears, Kahn re-established a business relationship with her, which included scouting for song material for her. Kahn again requested that Cottrill and Wnukowski compose music for Spears.

On or about August 17, 1999, Per Magnusson, Jörgen Elofsson, Rami Yacoub, and David Kreuger began working on a song originally entitled *Latin Song*, written for Zomba Recording Corporation's ("Zomba Records") artist Spears. On October 28, 1999, Spears flew to Stockholm, Sweden to record songs for her upcoming album *Ooops! . . . I Did it Again*. While in Stockholm, Spears recorded the lyrics for *Latin Song,* which was retitled *What U See (Is What U Get)*("*What U See*"). Spears departed Sweden on November 8, 1999. She never re-recorded the vocals for *What U See* after that date. The song continued to be mixed[1] until May 2000, when it was copyrighted and released.

Wnukowski and Cottrill registered *What You See* with the United States Copyright Office on December 1, 1999. Wnukowski and Cottrill did not distribute copies of the song until after it was copyrighted.[2] Once copyrighted, Cottrill and Wnukowski

---

[1]Yacoub described mixing as "taking bits and pieces that you already have and just making all these things sound as good as possible together."

[2]Plaintiffs suggest in their brief that Kahn heard an earlier version of *What You See* when Cottrill played it on the piano prior to the lyrics being recorded. However, at oral argument before the District Court, plaintiffs' counsel conceded that "there's no allegation in this case that what was infringed was an early rough version of 'What You See is What You Get,' the plaintiffs' song without the lyrics." Plaintiffs' counsel directed

forwarded the song to Kahn. Cottrill claims that he hoped Kahn would forward the materials to Steven Lunt, an employee of Zomba Records, then acting as Spears' agent. Kahn, however, denied ever having given the song to anyone after he received it from Cottrill and Wnukowski. He explained that he did not think it was a "good song."

Cottrill also provided a copy of the song to a professional associate, Lance Lowenstein, who subsequently forwarded the song to Louis Pearlman. Pearlman was the President and CEO of Trans Continental Companies. According to plaintiffs, Pearlman was the individual who put together the hit group the Backstreet Boys, a group which had recorded music with Zomba Records. This previous relationship between Pearlman and Zomba notwithstanding, Pearlman had no direct contractual or employment relationship with Zomba Records.[3]

## II.

Plaintiffs filed a complaint alleging copyright infringement on June 7, 2002. Plaintiffs sued Spears, as well as Zomba Records, Jive Records, its parent company Zomba Enterprises, Inc., and BMG Music Publishing, Inc. On April 14, 2003 defendants moved for summary judgment.

The District Court held that plaintiffs had not established that defendants had any

the District Court's attention to the complaint clarifying that only access to the copyrighted material was at issue. We, therefore, do not address the possibility of access to an earlier instrumental version.

[3]Cottrill and Wnukowski gave the tape to another individual, Jeff Townes. Plaintiffs do not claim any direct relationship between Townes and Zomba records.

4

meaningful access to *What You See* before the song was copyrighted. Because defendants

had no access to *What You See* until after Spears recorded the vocals to *What U See*, the

District Court required plaintiffs to show that defendants actually changed *What U See*

after gaining access to *What You See*. The District Court concluded that plaintiffs could

not meet this burden. Further, the District Court determined that plaintiffs' expert

addressed only the aural similarity, as opposed to actual similarity of the two songs, and

therefore failed to establish a genuine issue of material fact as to actual copying. After

the District Court granted defendants' motion for summary judgment, this timely appeal

followed.[4]

III.

In order to establish a claim of copyright infringement, a plaintiff must prove: (1)

ownership of a valid copyright, and (2) copying of constituent elements of the work that

are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citing

*Harper & Row Publishers v. Nation Enters.*, 471 U.S. 539, 548 (1985)). The first prong

of the test is not at issue,[5] but the parties hotly contest whether plaintiffs established a

genuine issue of material fact with respect to the second.

---

[4]The District Court had jurisdiction pursuant to 28 U.S.C. § 1400(a). We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[5]It is undisputed that the subject work was copyrighted and that the plaintiff hold a copyright registration certificate. Such a certificate is prima facie evidence sufficient to meet the first prong of the copyright infringement test. *See* 17 U.S.C. § 410(c); *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 290-91 (3d Cir. 1991).

Copying under *Feist* may be proven circumstantially by demonstrating (1) that the defendant had access to the allegedly infringed copyrighted work, and (2) that the allegedly infringing work is substantially similar to the copyrighted work. *Dam Things From Denmark v. Russ Berrie and Co., Inc.*, 290 F.3d 548, 561 (3d Cir. 2002).

To meet the first prong of *Dam Things*, plaintiffs are not required to prove by direct evidence that defendants gained access to plaintiffs' work. Instead, access can be inferred by indirect evidence. *Boisson v. Banian, Ltd.*, 273 F.3d 262, 269 (2d Cir. 2001). The indirect evidence must simply show that there is a "reasonable possibility of access." *Gaste v. Kaiserman*, 863 F.2d 1061, 1066 (2d Cir. 1988) (citing *Ferguson v. National Broadcasting Co.*, 584 F.2d 111, 113 (5th Cir. 1978), and 3 M. & D. Nimmer, NIMMER ON COPYRIGHT § 13.02[A] (1988)). Thus, where there is a "relationship linking the intermediary and the alleged copier," access may be inferred. *Moore v. Columbia Pictures Indus., Inc.*, 972 F.2d 939, 942 (8th Cir. 1992) (internal quotations omitted); *Towler v. Sayles*, 76 F.3d 579, 582 (4th Cir. 1996).[6]

---

[6] Plaintiffs urge that the requisite connection may be looser where the third party is a corporation. The Eighth Circuit has articulated this corporate receipt doctrine as follows:

> If the defendant is a corporation, the fact that one employee of the corporation has possession of the plaintiff's work should warrant a finding that another employee (who composed defendant's work) had access to plaintiff's work, where by reason of the physical propinquity between the employees the latter has the opportunity to view the work in the possession of the former.

*Moore*, 972 F.2d at 942 (quoting 3 NIMMER ON COPYRIGHT § 13.02[A]); *see also Bouchat*

6

Regardless of the means by which plaintiffs allege that defendants gained access to the infringed work, that access must be meaningful. Plaintiffs must show that defendants had an "opportunity to view or to copy his work." *Moore*, 972 F.2d at 942 (internal quotations removed); *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981). If the only opportunity to view plaintiffs' work occurs after defendants have completed their own work, then there can be no opportunity to copy the work, and thus no access for purposes of copyright law. *See Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984) ("[If] the plaintiff admits to having kept his or her creation under lock and key, it would seem logically impossible to infer access . . . ."). Here, Cottrill and Wnukowski failed to show that the defendants had meaningful access to plaintiffs' song prior to the defendants recording the allegedly infringing song, *What U See*.

Plaintiffs argue that, although they did not copyright their song *What You See* until after Spears had already recorded her vocals to the allegedly infringing song *What U See*, they adduced evidence to show that defendants' access to plaintiffs' song was meaningful. Plaintiffs point to the declaration of George Hajioannou, a musical technician, that it was possible to change the "instrumental and vocal track" of a piece of music using the software employed by the defendants to mix *What U See*. Plaintiffs

---

*v. Baltimore Ravens, Inc.*, 241 F.3d 350, 354 (4th Cir. 2001) (faxing logo to employee of Baltimore Ravens who shared an office with the new logo's designer was sufficient to prove access). Because we find plaintiff cannot show any meaningful access by defendants to plaintiffs' song *What You See*, we need not address whether the corporate receipt doctrine is viable, or should be adopted, in the Third Circuit.

7

reason that, because a change was possible, they are entitled to an inference that defendants did change their song, *What U See*, after having access to *What You See*. We disagree. "Access must be more than a bare possibility and may not be inferred through speculation or conjecture." *Gaste*, 863 F.2d at 1066. By arguing no more than what is technically possible, plaintiffs engage in speculation that defendants altered *What U See* after December 1999. Speculation is no substitute for the kind of circumstantial evidence needed to preclude the entry of summary judgment.

In order to establish a genuine issue of material fact on summary judgment, plaintiffs "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Plaintiffs have not met that burden here. Defendants put forward affidavits and deposition testimony from the song writers that they made no changes to the melody and basic structure of *What U See* after Spears recorded the vocal track. The District Court correctly determined that plaintiffs' theory essentially required it to impermissibly find defendants' affiants' testimony incredible while at the same time inferring a fact for which plaintiffs provided no evidence. It is therefore unnecessary to determine whether plaintiffs put forward a viable theory of from whom defendants could have obtained access to *What You See* or if they adequately demonstrated substantial similarity.

Because plaintiffs cannot show that defendants had access to *What You See* prior to completing *What U See*, the District Court's grant of summary judgment was proper.

We therefore affirm the District Court's grant of summary judgment in favor of the defendants.

TO THE CLERK:

       Please file the foregoing Opinion.

By the Court,

    /s/ D. Brooks Smith
Circuit Judge